CANADY, J,,
concurring in part and dissenting in part.
I concur with the rule changes adopted by the majority except for the provision of new subsection (b) establishing-in juvenile direct contempt cases “a right to legal counsel and the right to have legal counsel appointed by the court if the child is indigent.” ;,
This rule provision adopted by the majority is inconsistent with section 985.037(4), Florida Statutes (2015). The statute provides for legal counsel only in connection with cases of indirect criminal contempt. See § 985.037(4)(b). Moreover, the statute specifically provides that in cases of direct contempt, “the court may impose an authorized sanction immediately” — which will not be possible under this *1118 rule provision where the juvenile is not already represented by counsel.
No basis has been shown for this Court to adopt this procedural rule granting a substantive right in derogation of a legislative enactment. I dissent from this improper use of the Court’s procedural rule-making authority.
APPENDIX
RULE 8.150. CONTEMPT
(a) Contempt of Court. The court may punish any child for contempt under this rule for interfering with the court or court administration, or for violating any order of the court. A child under the jurisdiction of the juvenile court may be subject to contempt under this rule even upon reaching the age of majority. If the child is found in contempt and sentenced to secure detention, on motion by any party the court must review the placement of the child to determine whether it is appropriate for the child to remain detained.
(ab) Direct Contempt. After a hearing, a contempt may be punished summari-lyimmediately if the court saw or heard the conduct constituting the contempt that was - committed in the actual presence of tempt-shall include a recital of those facts upon — which' the - ■ adjudication - of gui-It- is basedThe child has a right to legal counsel and the right to have legal counsel appointed by the court if the child is indigent. The court must inform the child as to the basis for the contempt by reciting the facts on which the contempt is based. Rrioi-toBefore the adjudication of guilt the court shallmust -Mor-m-ther-person-accused of the-aceusation and-inquire as to whether there is any cause to show why he-or-shethe child should not be adjudged guilty of contempt by the court and sentenced therefor. The accusedchild shallmust be given the opportunity to present evidence of - excusing or mitigating circumstances. The judgment shallmust be signed by the court and entered of record. Sentence shallmust be pronounced in open court.
(be) Indirect Contempt. An indirect contempt may be prosecuted in the following manner:
(1) Legal Counsel. Counsel must be appointed for all contempt hearings if the child qualifies for such appointment, or the child has the right to retain counsel, unless the child waives counsel in writing as required by rule 8.165.
(42) Order to Show Cause. on--its- -own- ■ motion ■ or.upoOn affidavit of any person having personal knowledge of the facts, the coiirt may issue and sign an order directed.to the-one accused of-con-temptf-statlngto show cause. The order must state the essential facts constituting the contempt charged and requirl-n-gre-quire the accusedchild to appear before the court to show cause why he-or-shethe child should not be held in contempt of court. If the contempt charged involves disrespect to or criticism of a judge, on motion by the child, the judge must be disqualified by the chief judge of the circuit. The order shallmust specify the time and-place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the ene accusedchild. It shallmust be served in the same manner as a summons. Nothing herein shall be construed to prevent the the service of process.
(23) Motions; Answer. The accused,personally- or-by counsehchild may move dismiss the order to show cause, move a statement of particulars, admit to offense, or answer-such.order-by-way-of explanation or defense^ — All motions the — answers shall be -in writing unless *1119 cused’s omission to file a motion or answer shall- not-be-deemed- an admission of-guilt of-the contempt chargedenter a denial and request a hearing. .
(34) Order of -Arrest; BailDetention Before the Hearing. The court may issue an order of arrest of-the-one-accused-of detain the child before the contempt hearing solely on the contempt proceeding if the court hasprovides clear and convincing reasons in writing to-be-hevedemonstrating the court’s belief that the accusedchild will notfail to appear in response to the order to show cause. — The accused shall be -admitted -to-bail-in-the manner -provided by-law-in -ei-imlnal-cases,
cused -ma-y-be arraigned'at the hearingy or ■prior-ther-eto-upon-req-uest. — ■A-hearing-to determine- the guilt' or innocence' of- the accused -shall. follow- a plea -of not guilty. -The -court- may conduct a hearm-g-withoat assistance-of counsel or may-be assisted-by ■the state -attorney- or-by an-attorney-appointed-fo-r-that ■ purpose,- (fee -accused-is entitled-to-be-represented by-counsel)-have compulsory-process-for the ■ attendance- ■ of witnesses-,-and may-testify-in his or.her own-defense, — All-issues of-law- and-fact shall be determined the court.The .judge may conduct a hearing without assistance of counsel or may be assisted in the prosecution of the contempt by the state attorney or by an attorney appointed for that purpose. At the hearing, the child has the following rights:
(A) The right to be represented by legal counsel.
(B) The right to testify in the child's own defense. ...
(C) The right to confront witnesses.
(D) The right to subpoena and present witnesses.
(E) The right to have the hearing recorded and a copy of such recording.
(F) The right to have a transcript of the proceeding.
(G) The right to appeal.
(5) Disqualification-of the-Judge, — If the-contempt- charged involves-disrespeet to-or-criticism- of a-jadg-e-y-the -judge shall be- -disqualiSed-by- the chief judge-of the circuit. ' "
(6) Verdict;- Judgment. At the conclusion of the hearing the court shallmust guilty or not guilty. There sho-uld-be included in a judgment-of guilty-a-recital--of the.facts.constituting the - contempt of which - the accused- -has-been -f-ou-nd and adjudicated -guiltylf the court finds the child guilty, the judgment should include a recital of the facts that constituted' the contempt.
(7) Sentence. Prior — toBefore the . pronouncement of sentence the court shall-must inform the accusedchild - o-f-the-aceu-sation and judgment against him or her and inquire as to whether there is any cause to show why sentence should not be pronounced. The accusedchild shallmust be afforded the opportunity to present evidence of mitigating circumstances. The court must consider all available and appropriate sentences, including alternative sanctions. The sentencecourt shallmust be pronounced the sentence in open court and in the presence of the one found-guilty-of